715 F.Supp. 945 (1989)
Samuel L. GILL, Plaintiff,
v.
FARM BUREAU LIFE INSURANCE COMPANY OF MISSOURI, et al., Defendants.
No. S88-172C(5).
United States District Court, E.D. Missouri, Southeastern Division.
June 2, 1989.
Bradshaw Smith, Van Buren, Mo., and John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for plaintiff.
Ronald R. McMillin, Carson, Coil, Riley, McMillin, Levine and Veit, P.C., Jefferson City, Mo., and David G. Beeson, Buerkle, Beeson and Ludwig, Jackson, Mo., for defendants.
John P. Lichtenegger, Lichtenegger & Ellis, Jackson, Mo., for Lowell Mohler.

ORDER
LIMBAUGH, District Judge.
Plaintiff instituted this cause of action against defendants alleging that defendants conspired against him, and in furtherance of that conspiracy fired him by reason of the exercise of his right to vote and to support political candidates. This matter is now before the Court on defendants' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b).
In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The Court should not grant a motion to dismiss merely because the complaint does not state with precision every element necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, § 1216 at 120 (1969). A court should only grant a motion to dismiss if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).
*946 With this standard in mind the Court turns to an examination of the facts in the light most favorable to the plaintiff. In the 1988 election year, defendants supported William Emerson, the incumbent Congressman from the Eighth Congressional District. Plaintiff, however, was active for Congressman Emerson's opponent, Wayne Cryts. Defendants stated to plaintiff's boss that they "suggest we either put a muzzle on him for the rest of the campaign or help him find other employment." Eventually, defendants terminated plaintiff's employment with defendant Farm Bureau Life Insurance Company. Plaintiff now brings this three-count complaint alleging unlawful conspiracy by defendants to deprive plaintiff of "his First Amendment rights and his constitutional right to vote," in violation of 42 U.S.C. § 1985(3) (enumerated as Count II); violation of § 130.028 of the Missouri Revised Statutes (enumerated as Count III); and tortious interference with a contract between plaintiff and other defendants (enumerated as Count IV).
As construed in Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), in order to maintain a § 1985(3) action, the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property, or deprived of any right or privilege of a citizen of the United States. Id. at 102-03, 91 S.Ct. at 1798-99.
In Griffin v. Breckenridge, the United States Supreme Court held that 42 U.S.C. § 1985(3) clearly covered private conspiracies. The statute, however, was not intended to reach all tortious conspiratorial interferences with the rights of others. Griffin, 403 U.S. at 101, 91 S.Ct. at 1798. Instead, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. "The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Id.
It is well-settled that § 1985(3) provides no substantive rights itself to the class conspired against. The rights, privileges and immunities that § 1985(3) vindicates must be found elsewhere. In United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), the substantive right conspired against was the First Amendment right of freedom to associate. The Court held, however, that an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved with the conspiracy or that the aim of the conspiracy is to influence the activity of the State. Scott, 463 U.S. at 830, 103 S.Ct. at 3357.
The issue before this Court is which rights, privileges and immunities is § 1985 alleged to vindicate in this action. Defendants contend that plaintiff is alleging a First Amendment violation, and according to the Scott decision, plaintiff fails to allege the requisite state action. Plaintiff, on the other hand, relies upon the Eighth Circuit's pre-Scott decision, Means v. Wilson, 522 F.2d 833 (8th Cir.1975). That decision held that the right to vote in federal elections is a right of national citizenship protected from the conspiratorial interference by 42 U.S.C. § 1985(3). Defendants counter that the gravamen of plaintiff's complaint is not the right to vote, but the right to visibly support his candidacy which is clearly embroiled in plaintiff's First Amendment rights.
This Court determines that only plaintiff's First Amendment right of freedom of expression was violated by defendants' actions, not plaintiff's right to vote in a federal election. Defendants' actions conspired to prohibit plaintiff from expressing his views on who he supported politically. Such is a First Amendment right. The Supreme Court in the Scott decision held that plaintiff cannot allege a § 1985(3) conspiracy to infringe plaintiff's First Amendment rights unless plaintiff can establish state involvement. Plaintiff cannot so allege.
*947 IT IS THEREFORE ORDERED that defendants' motion to dismiss is GRANTED.