**Robert J. MEYER, d/b/a Brokers Ins. Corp., Plaintiff–Appellant,**

**v.**

**Steven M. ENOCH, d/b/a Consolidated Brokers Insurance Services, Inc., Defendant,**

**and**

**Union Bankers Ins. Co., Defendant–Respondent.**

**No. 56171.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 31, 1989.

Kemper R. Coffelt, Thomas B. Tobin, Clayton, for plaintiff-appellant.

Jeffrey J. Kalinowski, Charles E. Polk, St. Louis, for defendant-respondent.

PER CURIAM.

Plaintiff appeals from a summary judgment for defendant Union Bankers Insurance Company (Bankers) on the two counts against Bankers in his three count petition.[1] We dismiss.

The petition alleges 1) tortious interference by defendant Enoch with an employment contract between plaintiff and Bankers, 2) breach of the employment contract by Bankers and 3) conspiracy by Bankers and Enoch to breach the employment contract.

Bankers asks that we dismiss the appeal because plaintiff's two points on appeal fail to comply with Rule 84.04(d). We agree. The two points follow:

> Union Banker's actionable wrong was not only in breaching its contract with appellant but in furthering the unlawful acts in conspiracy with defendant Steven Enoch while the contract between appellant and Union Banker's was in full force and effect thereby permitting Enoch to wrongfully persuade, induce and interfere with appellant's profitable business relationship with Union Banker's.

> The ambiguity of the contract between appellant and Union Banker's precludes summary judgment.

Plaintiff has failed to state in his first point what actions or ruling of the trial court he seeks review of and in his second point he has failed to state wherein and why the grant of summary judgment was erroneous. Both are violations of Rule 84.-04(d) and fatal to his appeal. *See, e.g., Thummel v. King,* 570 S.W.2d 679, 684–687 (Mo. banc 1978).

Ex gratia, we have reviewed what contentions we perceive movant's points attempt to raise and we find them to have no merit.

Appeal dismissed.

---

1. The court expressly determined there was no just reason for delay thereby making the order appealable. *Fairfield Square Development Cor-* *poration v. Rogalski,* 767 S.W.2d 626, 628 (Mo. App.1989), Rule 74.01(b).