Robert J. MEYER and Brokers Insurance Corporation, Plaintiffs–Appellants,

v.

Steven M. ENOCH, Consolidated Brokers Insurance Services, Inc., and Leo Arsen, Defendants–Respondents.

No. 58893.

Missouri Court of Appeals, Eastern District, Division Three.

April 9, 1991.

Kemper Coffelt, Lashly, Baer & Hamel, Clayton, for plaintiffs-appellants.

Jeffrey Joseph Kalinowski, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for defendants-respondents.

CRANE, Judge.

Plaintiffs Robert J. Meyer and Brokers Insurance Corporation appeal from the judgment of the Circuit Court of St. Louis County granting summary judgment in favor of defendant Leo Arsen in an action for tortious interference with contract. We affirm.

At the time of the events referred to in this appeal, plaintiff Meyer was president of plaintiff Brokers Insurance Corporation [Brokers]. Defendant Leo Arsen was a vice president of Union Bankers Insurance Company [Union Bankers]. One of his duties was to administer agency agreements. Defendant Steven M. Enoch was president of defendant Consolidated Brokers Insurance Services, Inc. [Consolidated] and was marketing general agent for Union Bankers. Defendants Enoch and Consolidated are not parties to this appeal.

The contract at issue is an "Agent's Contract" entered into on May 22, 1986, between Meyer and Union Bankers. Meyer agreed to solicit and procure applications for Union Bankers' individual life insurance, accident, health and annuity policies

as an independent contractor. Leo Arsen executed the agency agreement on behalf of Union Bankers. That contract was terminated by Union Bankers by letter dated August 21, 1987, in which Arsen advised Meyer that his agency contract was terminated "(i)n accordance with the Termination Provisions" of the agency contract. In a subsequent letter to Meyer dated August 31, 1987, Arsen advised Meyer that he had not been terminated for cause and that all business dated prior to September 6, 1987 (15 days after the original letter) would be honored. The contract's termination clause provided in relevant part: "This Contract may be terminated at any time by either party desiring to terminate it giving to the other party fifteen (15) days' written notice of termination, which notice shall be delivered either personally or mailed to the last known address of the other party."

After his termination, Meyer filed a three count petition against Enoch, Consolidated, and Union Bankers. In Count I Meyer sought damages against Enoch for tortious interference with the contract. In Count II Meyer sought damages against Union Bankers claiming that the termination of the contract constituted a breach of contract. In Count III Meyer sought damages against Enoch, Consolidated and Union Bankers for conspiring to terminate Meyer's contract. Thereafter, the trial court granted Union Bankers' motion for summary judgment on Counts II and III of Meyer's Petition and Meyer appealed. We dismissed Meyer's appeal for failure to comply with Rule 84.04(d). *Meyer v. Enoch*, 780 S.W.2d 92 (Mo.App.1989). We also reviewed Meyer's points on appeal *ex gratia* and found them to have no merit. *Id.* at 93.

Meyer subsequently filed an amended three count petition in which Arsen was named as a party in Counts II and III. In Count II of the amended petition, Meyer alleged that Arsen "intentionally and without justification" interfered with the agency contract and engaged in a joint enterprise, scheme or conspiracy which caused the contract to be terminated. In Count III of the amended petition, which is substantially similar to Count III of the original petition, except that the claim is against Arsen instead of Union Bankers, Meyer sought damages against Enoch, Consolidated and Arsen for conspiring to terminate Meyer's agency contract.

Arsen filed a motion to dismiss Meyer's amended petition or for summary judgment. In support of his motion for summary judgment, Arsen claimed that, because he was a corporate officer authorized by his employer, Union Bankers, to terminate the contract, he could not be held liable for tortious interference with the contract. The trial court granted Arsen's motion for summary judgment and subsequently entered an order making that judgment final for purposes of appeal.

■ In reviewing the entry of summary judgment, we must view the record in the light most favorable to the party against whom summary judgment was granted, determine if any genuine issue of material fact exists which would require trial and determine if the judgment is correct as a matter of law. If the judgment is sustainable as a matter of law under any theory, we will affirm it. *Kutz v. Cargill, Inc.*, 793 S.W.2d 622, 624 (Mo.App.1990); *Blankenship v. Better Business Bureau*, 782 S.W.2d 131, 132 (Mo.App.1989); Rule 74.04(c).

■ Meyer's sole point on appeal is that the trial court erred in granting the motion for summary judgment because there is a question of material fact whether Arsen tortiously interferred with the agency contract. Meyer first argues that whether Union Bankers had a legal right to terminate the agency contract was an issue of material fact which remains open for adjudication. We disagree.

■ Each of the following elements must be proven to establish a claim of intentional interference with contract:

(1) a contract or a valid business relationship or expectancy;

(2) defendant's knowledge of the contract or relationship;

(3) intentional interference by the defendant inducing or causing a breach of contract or relationship;

(4) absence of justification; and

(5) damages resulting from defendant's conduct.

*Community Title v. Roosevelt Federal Savings & Loan,* 796 S.W.2d 369, 372 (Mo. banc 1990). Absence of justification is the absence of any legal right to take the actions complained of. *Hanrahan v. Nashua Corp.,* 752 S.W.2d 878, 882 (Mo.App.1988). One may be justified in interfering with a contract if he has a legal right to do so. *Anderson v. Bourbeuse View, Inc.,* 726 S.W.2d 873, 876 (Mo.App.1987).

 If a party had a legal right to terminate, then any claim against that party for tortious interference fails. *Sisters of St. Mary v. Blair,* 766 S.W.2d 773, 775–76 (Mo.App.1989). A corporate officer, acting within his or her authority, is privileged to induce a breach of a corporate contract provided that he or she uses no improper means, acts in good faith to protect the corporate interest and does not act out of self interest. *Nola v. Merollis Chevrolet Kansas City, Inc.,* 537 S.W.2d 627, 634 (Mo.App.1976); *Honigmann v. Hunter Group, Inc.,* 733 S.W.2d 799, 808 (Mo.App. 1987); *Lick Creek Sewer Systems, Inc. v. Bank of Bourbon,* 747 S.W.2d 317, 323 (Mo.App.1988).

 In his motion for summary judgment, Arsen relied on the trial court's entry of summary judgment in favor of Union Bankers as a ruling "that Union Bankers had the right to terminate its agreement with plaintiff." Meyer argues that because the trial court did not enter specific findings in granting Union Banker's motion for summary judgment, no such prior finding was made by the trial court and the matter is still unresolved. In Count II of his petition against Union Bankers, Meyer alleged that the termination was a breach of the agency agreement. Union Bankers was granted summary judgment on that

count. The grant of summary judgment is equivalent to a judgment on the merits. *Geringer v. Union Elec. Co.,* 731 S.W.2d 859, 866 (Mo.App.1987). The fact that the reasons for granting summary judgment were not stated with specificity is immaterial. *Flanary v. Rowlett,* 612 S.W.2d 47, 49 (Mo.App.1981); *Snowden v. Northwest Mo. State University,* 624 S.W.2d 161, 165 (Mo.App.1981). By granting Union Banker's motion for summary judgment, the trial court determined that the termination of Meyer's contract did not constitute a breach of contract by Union Bankers.

The issue of whether Union Bankers had the legal right to terminate the agency contract was resolved by the entry of summary judgment in favor of Union Bankers. As an officer of that corporation, Arsen was in privity with it. Accordingly, the principles of collateral estoppel apply, *see Geringer, supra,* 731 S.W.2d at 865, and Meyer is barred from relitigating this issue.[1]

 Meyer next argues that Arsen cannot take advantage of his status as corporate officer to terminate the contract because he was acting out of personal, rather than corporate, interests. For a corporate officer to be liable for tortiously interfering with a contract of a corporation, he or she must not only have acted out of self interest but he or she must also have used improper means. "[O]ne who has an economic interest in a contract cannot be held liable for inducing a breach thereof, even though motivated by self interest, in the absence of pleading and proof that such self-interested purpose was accomplished by improper means." *Friedman v. Edward L. Bakewell, Inc.,* 654 S.W.2d 367, 369 (Mo.App.1983). Improper means, for purposes of intentional interference with contract, are those means which are "independently wrongful, notwithstanding injury caused by the interference." *Community Title, supra,* 796 S.W.2d at 373. Examples of such means are wrongful acts

---

1. Since Union Bankers had the legal right to terminate the contract, Meyer's contentions that the contract was ambiguous and that his status as an independent contractor rather than an employee at-will both affect the right to terminate are moot. Meyer had the full and fair opportunity to raise these issues during the previous proceeding against Union Bankers.

recognized by statute or common law such as misrepresentation of fact, threats, violence, defamation, and restraint of trade. *Id.*

In support of his motion for summary judgment, Arsen filed the affidavit of his immediate superior, the Senior Executive Vice President of Union Bankers, as well as his own affidavit, both of which averred that Arsen was authorized by the corporation to terminate Meyer's agency agreement and that Arsen acted within the scope of his employment in terminating the agreement.

Meyer filed an affidavit with supporting exhibits in opposition to Arsen's Motion for Summary Judgment and affidavits in support thereof. No facts were presented by these documents that Arsen used improper means which constituted an independent wrongful act to induce Union Bankers to terminate the contract or that Arsen acted for his personal benefit. Even if we construe the pleadings to raise this issue, such allegations are insufficient. Because Arsen filed affidavits in support of his motion, Meyer cannot rely solely on allegations in his pleadings to create an issue of fact. Rule 74.04(e); *Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 889 (Mo.App.1987).

As the record indicates, Arsen was authorized by the corporation to terminate the contract. Meyer presented no specific, material facts by affidavit which would support an independent tort action against Arsen. Arsen was entitled to summary judgment as a matter of law.

The judgment of the trial court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.