**Hattie EGGLESTON, Plaintiff–
Respondent Cross–
Appellant,**

v.

**Aaron PHILLIPS and James Harris,
Defendants–Appellants Cross–
Respondents.**

**No. 60508.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 4, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 2, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Eugene K. Buckley, Thomas L. Fiala, Evans & Dixon, Sabrina M. Wrenn, Paul W. LeBar, Bryan Cave, St. Louis, for appellants cross-respondents.

Kenneth V. Byrne, LaTourette, Schlueter, Ebling & Byrne, St. Louis, for respondent cross-appellant.

SMITH, Presiding Judge.

Defendants appeal from a judgment against them of $120,000 based upon a jury verdict on plaintiff's petition alleging tortious interference with a contract or business expectancy. Plaintiff appeals from the trial court's refusal to submit punitive damages. We reverse.

Plaintiff was an eighteen year employee of the Gateway National Bank. Following an earlier termination in the 1970's plaintiff applied for re-employment and signed an application which clearly and plainly stated that the employment was for no definite period and could be terminated at any time without previous notice. She was subsequently rehired. In 1983 plaintiff was a vice-president, assistant cashier and in charge of the teller operation, cash related items and accounting.

Defendant Phillips was senior vice-president and chief operating officer of the bank and plaintiff's immediate superior. Defendant Harris was the bank president and the immediate superior of Phillips. Several years before Harris became president of the bank, Gateway was being supervised by the Controller of the Currency because of deficiencies in several areas of bank operations and lending. A cease and desist order had been issued by the Controller, and was still in effect, that required the bank to take stronger action to correct deficiencies in order to avoid the closing of the bank. One area with consistent problems was the teller section under plaintiff's supervision. Those problems included excessive cash shortages, teller training, and

customer service. In order to allow plaintiff to concentrate more time toward solving the problems in the teller area her accounting responsibilities were eliminated. The problems continued. Plaintiff acknowledged at trial problems in the teller department but attributed them to others.

Following an evaluation session with plaintiff attended by Harris, Phillips sent a termination letter to plaintiff on November 7, 1984. Plaintiff arranged a meeting with the Board of Directors to discuss her termination. Harris advised the Board of his concurrence in Phillips' recommendation of termination but advocated that the termination be rescinded until a grievance procedure had been completed. Three outside directors were appointed by the Board as a grievance committee. Plaintiff met with the chairman of the grievance committee. The grievance committee recommended plaintiff's termination and the Board followed that recommendation. This suit followed.

 A claim for tortious interference with a contract or business expectancy requires proof of each of the following: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages. *Community Title Company v. Roosevelt Federal Savings and Loan Association*, 796 S.W.2d 369 (Mo. banc 1990)[4]. While we entertain serious question concerning the sufficiency of the evidence to support several of the elements, notably (1) and (3), we will confine our discussion to element (4) absence of justification.

 In *Meyer v. Enoch*, 807 S.W.2d 156 (Mo.App.1991) [4–8] we defined the "absence of justification" as "the absence of any legal right to take the actions complained of". *See also, Hanrahan v. Nashua Corporation*, 752 S.W.2d 878 (Mo.App. 1988) [6]. A person is justified in interfering with a contract or expectancy if he or she has a legal right to do so. *Meyer,*

*supra; Anderson v. Bourbeuse View, Inc.,* 726 S.W.2d 873 (Mo.App.1987) [2]. It is axiomatic that an employer has the right to terminate an employee at will such as plaintiff with or without cause except for three situations not applicable here. *Johnson v. McDonnell Douglas Corporation,* 745 S.W.2d 661 (Mo. banc 1988) [6–8]. A corporation acts through its agents. A supervising employee with the power to fire or with the power to recommend that an employee be fired has a legal right to take those actions, with or without cause, unless otherwise restricted by his principal.

 The undisputed evidence here reflects adequate justification for the termination of plaintiff if evidence of justification is in fact required.[1] The bank was in difficulty and in danger of being closed. Certain of the problems were in the department supervised by the plaintiff. There is nothing unjustified about removing or terminating a supervisory employee whose department is not performing acceptably. There is no dispute that the department was not performing satisfactorily. It is the employer's obligation and right to assess the reason for the failure, not the employee in charge of the department. Whatever the motives which plaintiff seeks to attribute to defendants, their positions gave them the authority to recommend the termination of the plaintiff and they had ample justification to do so.

Plaintiff's cause of action while couched in terms of intentional interference with contract was in reality an attempt to recover for wrongful discharge. She sought to rely upon a handbook to establish the impropriety of her discharge. The tort of wrongful discharge of an at will employee was rejected in *Johnson v. McDonnell Douglas Corp., supra.* So was the concept that a handbook created contract rights in an at will employee.

 Plaintiff seeks to support the cause of action and the judgment on alleged misconduct of the defendants relying on *Meyer v. Enoch and Green v. Beagle–Chilcutt*

---

1. It is the burden of the plaintiff to establish the absence of justification. It is not the burden of the defendant to establish justification. *Community Title, supra* [5–9].

*Painting Co., Inc.,* 726 S.W.2d 344 (Mo. App.1987). *Green,* however, points out that where a corporate officer is the defendant absence of justification requires that the officer interfere with the contract for personal, as opposed to corporate, interest *plus* that the officer employed improper means. Both, not one or the other, are required. Only by inference unsupported by evidence can improper means be found in this case. And not even unsupported inference can be found that the termination of plaintiff was for any reason other than corporate. Defendants may not have liked plaintiff but that does not convert her discharge as an employee at will into an interference for personal, not corporate, reasons. To support a cause of action for intentional interference with a contract or business expectancy by a supervising employee over an at will employee requires evidence eliminating any business justification at all for the termination—a level of proof close to impossible to achieve. The evidence here does not meet the requirement.

Defendants' motions for judgment notwithstanding the verdict should have been granted.

In view of this finding we need not review plaintiff's appeal.

Judgment reversed.

KAROHL, C.J., and AHRENS, J., concur.