Samuel L. GILL, Plaintiff–Appellant,

v.

FARM BUREAU LIFE INSURANCE COMPANY OF MISSOURI, Farm Bureau Town & Country Insurance Company of Missouri, Missouri Farm Bureau Finance Company, Missouri Farm Bureau Federation, and Lowell Mohler, Defendants–Respondents.

No. 18342.

Missouri Court of Appeals,
Southern District,
Division One.

June 25, 1993.

John L. Oliver, Jr., Oliver, Oliver & Waltz, P.C., Cape Girardeau, for plaintiff-appellant.

Ronald R. McMillin, Kent L. Brown, Carson & Coil, P.C., Jefferson City, for defendants-respondents.

PARRISH, Chief Judge.

Samuel L. Gill (plaintiff) appeals the trial court's dismissal of his lawsuit against Farm Bureau Life Insurance Company of Missouri, Farm Bureau Town & Country Insurance Company of Missouri, Missouri Farm Bureau Finance Company, Missouri Farm Bureau Federation [1] and Lowell Mohler (referred to, collectively, as defendants). The trial court dismissed both counts of plaintiff's petition for failure to state causes of action. This court affirms.

## DEFENDANTS' MOTION TO DISMISS APPEAL AND AFFIRM JUDGMENT OR, IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S BRIEF

Defendants, by separate motion that this court ordered taken with the case, contend that plaintiff's brief fails to comply with Rule 84.04(d) and request this court to dismiss the appeal or, alternatively, to strike plaintiff's/appellant's brief.[2] Defendants accurately point out that the two points plaintiff presents on appeal do not identify the specific actions or rulings by the trial court for which plaintiff seeks appellate review. Defendants cite *Thummel v. King*, 570 S.W.2d 679, 684–87 (Mo. banc 1978).[3]

Notwithstanding deficiencies in points relied on in an appellant's brief, appellate courts may look to the argument portion of the brief to determine whether a trial court committed plain error affecting substantial rights that may have resulted in a manifest injustice or a miscarriage of justice. *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.1988). *See also* Rule 84.-13(c). This court will review the issues gleaned from the argument portion of plaintiff's brief for plain error. Defendants' motion to dismiss the appeal or, alternatively, to strike plaintiff's brief is denied.

## BACKGROUND

Plaintiff previously sued defendants in the United States District Court, Eastern District of Missouri. *See Gill v. Farm Bureau Life Ins. Co. of Missouri*, 715 F.Supp. 945 (E.D.Mo.1989). In that case, plaintiff brought an action alleging conspiracy to infringe First Amendment rights on the basis of a claimed violation of 42 U.S.C. § 1985(3); an action alleging voting intimidation on the basis of § 130.028;[4] and an action alleging tortious interference with a business or contractual relationship. *Id.* at 946. The district court dismissed the count alleging violation of 42 U.S.C. § 1985(3). The 8th Circuit affirmed, noting:

> Upon dismissing the federal claim, the District Court had discretion to dismiss Gill's pendent claims under Missouri law. *U.M.W.A. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Since the order appealed from did not explicitly consider the merits of those claims, we construe it as dismissing them without prejudice. *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir.1981).

*Gill v. Farm Bureau Life Ins. Co. of Missouri*, 906 F.2d 1265, 1266 n. 5 (8th Cir. 1990).

---

1. Neither the petition nor briefs that plaintiff filed identify the legal status of "Missouri Farm Bureau Federation." The pleadings do not allege facts from which it can be gleaned that Missouri Farm Bureau Federation is a legal entity so as to enable it to be a party to a lawsuit. Its name does not imply corporate status. *See* § 351.110, RSMo 1986.

2. Defendants contend that this case is comparable to *Meyer v. Enoch*, 780 S.W.2d 92 (Mo.App. 1989). This court does not agree. The numer-

ous deficiencies, other than failure to state specific actions or rulings by the trial court, that were present in the brief in *Meyer* are not present here.

3. Attorneys preparing appellate briefs would be well-served to review the language of Rule 84.04 and the discussion in *Thummel v. King, supra.*

4. References to statutes are to RSMo 1986 unless otherwise stated.

Plaintiff, in his reply brief, acknowledges that the claims that are the bases of this appeal were the pendent jurisdiction claims originally filed in the U.S. District Court.

Plaintiff provided the following chronology of events that occurred after the motion to dismiss had been filed in the U.S. District Court:

| Date | Action |
| --- | --- |
| June 2, 1989 | Motion to dismiss sustained by district court. |
| August 14, 1990 | District court's order dismissing case affirmed by 8th Circuit Court of Appeals. |
| May 24, 1991 | Petition filed in state court. |
| June 20, 1991 | Defendants' motion to dismiss filed in state court.· |
| September 4, 1991 | Trial court took motion to dismiss under advisement. |
| July 29, 1992 | Trial court granted defendants' motion to dismiss as to both counts of petition. |

## COUNT I

Count I of plaintiff's petition alleged that plaintiff entered into contracts with the corporate defendants; that defendant Lowell Mohler was the "Assistant to the President" of all the corporate defendants and of "Missouri Farm Bureau Federation"; that in 1988 plaintiff was "co-Chairman of the Finance Committee" for a candidate for U.S. Congress; that Mr. Mohler, in conspiracy with others, forced and required a regional sales manager for the corporate defendants "to terminate" plaintiff effective September 20, 1988. Plaintiff alleged "[t]hat said termination was, in fact, pretextual, and was designed and intended to 'send a message' to all other Farm Bureau agents to toe the political line espoused by the defendants and each of them." He contended that he was entitled to recover "civil penalty damages" from defendants by reason of § 130.028.

■ Section 130.028 describes acts that constitute penal violations when done by "[e]very person, labor organization, or corporation organized or existing by virtue of the laws of this state, or doing business in this state." It further provides:

Any person aggrieved by any act prohibited by this section shall, in addition to any other remedy provided by law, be entitled to maintain within one year from the date of the prohibited act, a civil action in the courts of this state, and if successful, he shall be awarded civil damages of not less than one hundred dollars and not more than one thousand dollars, together with his costs, including reasonable attorneys fees. Each violation shall be a separate cause of action.

§ 130.028.2.

The act complained about in Count I is the termination of plaintiff's business relationship with the corporate defendants that occurred "effective September 20, 1988." However, plaintiff's petition was filed May 24, 1991, more than "one year from the date of the prohibited act." *Id.*·

Plaintiff contends that the statute of limitations was tolled during the time litigation was pending in the federal court. Since he filed the action in state court within one year of dismissal of the case in federal court, plaintiff argues that the statute of limitations was not violated. He

relies on *Norton v. Reed,* 253 Mo. 236, 161 S.W. 842 (1913), for that proposition.

In *Norton* the court held that a petition that would otherwise have been barred by the applicable statute of limitations was timely filed due to plaintiffs having previously filed an action by which they sought recovery on the same claim. The plaintiffs in *Norton* had taken a voluntary nonsuit in the previous action. The court stated:

> It follows that the plaintiffs might suffer a voluntary nonsuit, as they did without prejudice from the operation of the statute of limitations, provided they should begin a new action within one year after the nonsuit suffered.

161 S.W. at 847.

Plaintiff states that "[s]ince at least" the time of *Norton v. Reed, supra,* "Missouri has recognized the doctrine that pending litigation tolls the statute of limitations." The "tolling" in *Norton* occurred, however, not by reason of the length of time the predecessor lawsuit was pending, but because the plaintiffs had taken a voluntary nonsuit and, thereafter, begun the same cause of action "within one year after the nonsuit suffered." 161 S.W. at 847. *Norton* was filed October 23, 1907. Its predecessor lawsuit had been dismissed on June 3, 1907, upon voluntary nonsuit. The relief sought in *Norton* was recovery of a tract of land. Section 4262, RSMo 1899, prescribed the time in which actions could be brought to recover land. Section 4285, RSMo 1899, applied to actions brought within times specified in that chapter of the statutes. It provided that plaintiffs who suffered nonsuits could refile their actions "within one year after such non-suit suffered."

A similar statute, § 516.230, was in effect at the time plaintiff filed this case. However, it is not a general procedural statute. *Stine v. Kansas City Terminal Ry. Co.,* 564 S.W.2d 619, 620–21 (Mo.App. 1978). Section 516.230, as did § 4285, RSMo 1899, applies only to civil actions commenced in accordance with certain statutes, specifically §§ 516.010—.370. The limitation on the applicability of § 516.230 is reinforced by § 516.300. It states:

> The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute.

*See Stine v. Kansas City Terminal Ry. Co., supra,* at 621.

The time limit for bringing the action set forth in Count I is prescribed in § 130.028.2. It was required to be brought "within one year from the date of the prohibited act." The petition showed, on its face, that Count I was barred by limitation. *Garth v. Motter,* 248 Mo. 477, 154 S.W. 733, 734 (1913); *Petty v. Tucker,* 166 Mo. App. 98, 148 S.W. 142, 144 (1912). This court finds no error, plain or otherwise, in the trial court's dismissal of Count I.

### COUNT II

■ Count II of the petition attempted to plead a cause of action for tortious interference with a business or contractual relationship. It was directed to contractual relationships between plaintiff and the respective corporate defendants. The petition stated that Count II was "against the defendants and each of them." Nevertheless, plaintiff's brief states, "Count II of plaintiff's Petition is a statement of a claim by Samuel L. Gill against Lowell Mohler for the tortuous [sic] interference by Lowell Mohler, in his capacity as Assistant to the President of Missouri Farm Bureau Federation ..., with Mr. Gill's contracts with Farm Bureau Town & Country, Farm Bureau Life, and Farm Bureau Finance." Plaintiff has, therefore, abandoned any claim he previously asserted in Count II against the corporate defendants. *See Charles Palermo Co., Inc. v. Wyant,* 530 S.W.2d 15, 17 (Mo.App.1975).

■ In considering Count II, this court is again faced with the confusion presented by references throughout plaintiff's petition to "Missouri Farm Bureau Federation." *See* n. 1, *supra.* Although listed in the caption of the petition as a defendant, there is no explanation of the legal status of Missouri Farm Bureau Federation in the facts that are pleaded. "[A] party to an

action in court must be a legal entity, that is either a natural person, an artificial person or a quasi artificial person." *Parker v. Unemployment Compensation Com'n,* 358 Mo. 365, 214 S.W.2d 529, 534 (1948). The pleadings did not show that Missouri Farm Bureau Federation was a legal entity that could sue or be sued. Missouri Farm Bureau Federation is not recognized as a party for purposes of this court's review.

Count II of plaintiff's petition alleged that "at all times relevant," plaintiff "had a contract with Farm Bureau Life Insurance Company of Missouri, Farm Bureau Town and Country Insurance Company of Missouri, and Missouri Farm Bureau Finance Company." It further alleged that the acts of Mr. Mohler about which plaintiff complains were performed by him individually and within the scope of the course of his employment.

The plaintiff and the corporate defendants were parties to the contracts that plaintiff asserts were the subject of tortious interference by Mr. Mohler. If those contracts were breached, plaintiff's remedy with respect to the corporate defendants was for breach of contract. There was no basis for bringing an action for tortious interference with a business or contractual relationship against a party to the contract that created the relationship. *Lick Creek Sewer Systems v. Bank of Bourbon,* 747 S.W.2d 317, 322–23 (Mo.App.1988). Further, since there was no allegation that Lowell Mohler, as an employee of the corporate defendants, acted for his own personal benefit, Count II did not state a cause of action for tortious interference with a business or contractual relationship against him. *Id.* at 323.

The trial court did not commit plain error in dismissing Count II. Judgment affirmed.

CROW, P.J., and MONTGOMERY, P.J., concur.

SHRUM, J., recused.