**Linda DAVIS, et al., Appellants,**

v.

**The HUMAN DEVELOPMENT CORPORATION, INC., et al., Respondents.**

No. 65358.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 16, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1994.

Application to Transfer Denied Dec. 20, 1994.

Raymond Howard, Howard Law Firm, St. Louis, for appellants.

Louis Gilden, St. Louis, for respondents.

KAROHL, Judge.

Former employees of defendant Human Development Corporation, Inc.'s, Project Head Start appeal trial court's grant of a motion to dismiss their petition for damages for unlawful termination of employment. We affirm.

In 1986 eight employees of Project Head Start filed a lawsuit in state court against the Department of Health and Human Services (DHHS) and the Human Development Corporation (HDC). The employees, who operated the Parent Child Care Center, alleged DHHS and HDC terminated them in violation of the Adopted Bylaws of the Human Development Corporation of Metropolitan St. Louis Parent Child Care Center.

In 1990 DHHS and HDC filed motions to dismiss, which the court granted. The court gave the employees ten days to file an amended petition. The employees did so, adding four plaintiffs to the lawsuit, but they did not alter the first petition in any other manner. Both DHHS and HDC removed the lawsuit to federal court. The court dismissed DHHS but remanded the claim against HDC to state court. HDC again filed a motion to dismiss, which the court granted. The court's order stated as follows:

Defendants' motion to dismiss heard and sustained for the reason that Petitioners' Second Amended Petition fails to state a cause of action in that the "adopted By Laws ..." agreement between the parties incorporated in said amended petition can not pre-empt federal regulations creating new rights.

The employees appeal this order as a summary judgment.

■ In their only point on appeal, employees contend the trial court erred in granting summary judgment because the bylaws of the Parent Child Center create employment rights. Whether the order was a Dismissal or summary Judgment, the judgment was legally correct.

■ If summary judgment is sustainable as a matter of law under any theory, it will be affirmed. *Meyer v. Enoch,* 807 S.W.2d 156, 158 (Mo.App.1991).

■ Under Missouri's employment at will doctrine an employer may discharge—for cause or without cause—an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision and not be subject to liability for wrongful discharge. *Johnson v. McDonnell Douglas Corporation,* 745 S.W.2d 661, 662 (Mo. banc 1988). For an at will employee to state a claim for wrongful discharge, he must plead the essential elements of a valid contract, and a discharge in violation thereof. The essential elements of a valid contract include offer, acceptance, and bargained for consideration. *Id.*

In 1986, a few weeks after they filed the present lawsuit in state court, employees filed the same lawsuit in federal court. Even though employees cited a federal statute, the court dismissed the case because it lacked subject matter jurisdiction. The court found that employees failed to address the issue of whether an implied cause of action exists under 45 C.F.R. § 1304 (1981). The court also found there was no claim under state action or federal constitutional provisions. The court denied employees' request for leave to amend their complaint and found that the court may deny leave to amend when the amended complaint could not withstand a motion to dismiss.

The employees here are employees at will. We agree with the federal court which found they do not fall within the protective reach of a statutory provision. Consequently, they must plead the essential elements of a valid contract and a discharge in violation thereof. The employees did not meet this requirement. The bylaws alone do not create a contract.

The judgment of the trial court is affirmed.

AHRENS, P.J., and SIMON, J., concur.