**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN M. ORR, M.D.,

        Plaintiff-Appellant,

v.

BHR, INC., a Kansas corporation;
BHR PARTNERSHIP, a Kansas
Partnership,

        Defendants-Appellees,

RICHARD F. BEAMON, M.D.,
individually, dba BHR Partnership;
MARK HOLCOMB, M.D.,
individually, dba BHR Partnership;
BARBARA K. HOLMES, M.D.,
individually, dba BHR Partnership;
RICHARD H. ROSENTHAL, M.D.,
individually, dba BHR Partnership;
MARK SCARBOROUGH, M.D.,
individually, dba BHR Partnership,

        Defendants-Third-Party-
        Plaintiffs-Appellees,

and

ST. JOSEPH'S EMERGENCY
PHYSICIANS, INC.,

        Third-Party-Defendant.

No. 00-3135
(D.C. No. 98-CV-2361)
(D. Kan.)
77 F.Supp.2d 1208

**ORDER AND JUDGMENT** *

---

Before **BRORBY, PORFILIO** , and **BALDOCK,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Steven M. Orr, M.D., appeals the district court's grant of summary judgment to defendants, BHR, Inc., formerly BHR Partnership, and defendants-third-party-plaintiffs, Richard F. Beamon, M.D., Mark Holcomb, M.D., Barbara K. Holmes, M.D., Richard H. Rosenthal, M.D., and Mark Scarborough, M.D. (the physician-defendants). Orr v. Beamon , 77 F.Supp.2d 1208 (D. Kan. 1999). We affirm.

I.

Plaintiff was employed by St. Joseph's Emergency Physicians, Inc. (SJEP) as an emergency-room physician at St. Joseph's Hospital in Kansas City,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Missouri. He also served as corporate secretary for SJEP, and was a minority shareholder in SJEP. He complained that the rates charged to SJEP for billing services provided by defendant BHR were higher than competitive prices. He alleged that the physician-defendants, who were the controlling shareholders in both SJEP and BHR, refused to permit SJEP to seek competitive bids for the billing services. Plaintiff further claimed that his at-will employment with SJEP was terminated because he opposed the billing situation between SJEP and BHR. He filed suit alleging that the refusal of BHR and the physician-defendants to permit competitive bids violated the Sherman Act, 15 U.S.C. §§ 1 & 2; section 4 of the Clayton Act, 15 U.S.C. § 15; and Kansas and Missouri antitrust statutes. He also claimed that BHR and the physician-defendants tortiously interfered with his employment contract with SJEP, as defined by Missouri law. He further alleged a civil conspiracy to discharge him. The district court granted summary judgment in favor of BHR and the physician-defendants, and certified the case for appeal, pursuant to Fed. R. Civ. P. 54(b), leaving for later resolution the claims between BHR and the physician-defendants.

II.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998).

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). The parties agree that Missouri law applies to the tortious interference and civil conspiracy claims.

On appeal, plaintiff asserts that the district court committed reversible error on the following grounds: (1) summary judgment on the antitrust claims was error because plaintiff was a target of defendants' anti-competitive scheme and his cooperation was integral to the success of the illegal scheme, (2) the claim of tortious interference with a contract or business relationship was not subject to summary judgment because defendants had an improper purpose and their conduct in discharging plaintiff violated state and federal law, and (3) he established a civil conspiracy.

III.

The district court held that plaintiff did not have standing to bring claims under the Sherman Act, the Clayton Act, Missouri state antitrust statutes, or Kansas antitrust statutes. The parties recognize that the Missouri antitrust laws are to be interpreted and applied according to federal law. Fischer, Spuhl, Herzwurm & Assoc., Inc. v. Forrest T. Jones & Co., 586 S.W.2d 310, 313 (Mo. 1979). Plaintiff argues that Kansas antitrust law is not controlled by federal law

and, indeed, that its standing provisions are more broad than those provided by federal law.

"Standing and antitrust injury are essential elements in § 4 Clayton Act damage actions." Sharp v. United Airlines, Inc., 967 F.2d 404, 406 (10th Cir. 1992) (quotation and citation omitted). The factors relevant to evaluating antitrust standing include "the nature of the plaintiff's injury–i.e. whether it is one intended to be redressed by the antitrust laws." Id. at 406-07. An "injury causally linked to an illegal presence in the market" is insufficient; rather, "a plaintiff must prove the existence of *antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 334 (1990) (quotations omitted). For example, an employee who lost his job because of alleged antitrust violations involving his employer has not established an antitrust injury based on loss of employment. Sharp, 967 F.2d at 408.

Here, the alleged antitrust violation involved only plaintiff's employer. Plaintiff was neither the recipient nor the provider of medical billing services. His loss of employment was not the result of an absence of competition. It was, at most, minimally related to an alleged harm in the medical billing market.

Plaintiff argues that he was the target of anticompetitive activity between

BHR and the physician-defendants because it was necessary to fire him to continue their inflated billing arrangement. But plaintiff has not demonstrated why it was necessary to discharge him. As the majority shareholders in SJEP, the physician-defendants could vote to continue the billing arrangement with BHR even over plaintiff's objection, which they did. Accordingly, plaintiff's reliance on Roman v. Cessna Aircraft Co., 55 F.3d 542 (10th Cir. 1995), is misplaced. There, the plaintiff, an engineer, established an antitrust injury based on an agreement between firms not to hire each others' engineers. Id. at 543, 545. Similarly, Ostrofe v. H.S. Crocker Co., Inc., 740 F.2d 739 (9th Cir. 1984), is inapposite because here, plaintiff does not claim that defendants tried to keep him from getting another position as a physician or that they boycotted him in the profession. We conclude that plaintiff has not established antitrust standing under federal and Missouri law.

We also reject plaintiff's argument that he has standing to bring antitrust claims under Kansas law. As the Kansas Supreme Court has acknowledged, Kansas antitrust statutes are "broad and undeveloped by case law." Bergstrom v. Noah, 974 P.2d 520, 530 (Kan. 1999) (quotation omitted). Although cases addressing federal antitrust statutes are not binding, they are persuasive in this undeveloped area of state law. Id. at 530-31. Because we conclude that plaintiff

-6-

does not have antitrust standing under federal law, we similarly conclude that he does not have standing under Kansas law.

IV.

To establish a cause of action for tortious interference with a contract or business relationship under Missouri law, a plaintiff must carry the burden of proof by adducing substantial evidence on each of the following elements: (1) there existed a contract or a valid business relationship, (2) the defendant knew of the contract or relationship, (3) the defendant intentionally interfered with the contract or relationship by causing a breach, (4) the defendant was without justification, and (5) the plaintiff was damaged by the defendant's conduct. Murray v. Ray, 862 S.W.2d 931, 934 (Mo. Ct. App. 1993). A plaintiff must plead and prove that the defendant induced or caused the breach without justification. SSM Health Care, Inc. v. Deen, 890 S.W.2d 343, 346 (Mo. Ct. App. 1994). An absence of justification will be found where the defendant has no legal right to take the challenged actions, but a party may be justified in interfering if he has a legal right to do so. Id. "One who has an economic interest in a business relationship or expectancy cannot be held liable for inducing a breach thereof even though motivated by self-interest, in the absence of pleading and proof that such self-interested purpose was accomplished by improper means." Id. Improper means are those which are "independently wrongful," including

"misrepresentation of fact, threats, violence, defamation, and restraint of trade." Murray, 862 S.W.2d at 935 (quotation omitted).

In this case, the issue is whether there was an absence of justification. Defendants argue that SJEP, as plaintiff's employer, was justified in terminating his at-will employment for any reason. Although "a contract terminable at will may be the subject of a cause of action for tortious interference," Stanfield v. Nat'l Elec. Contractors Ass'n, Inc., 588 S.W.2d 199, 202 (Mo. Ct. App. 1979), to state a tortious interference claim against a supervising employee, a plaintiff must "present evidence eliminating any business justification for the termination--a level of proof which is close to impossible to achieve," Murray, 862 S.W.2d at 935 (citing Eggleston v. Phillips, 838 S.W.2d 80, 83 (Mo. Ct. App. 1992)). Defendants presented evidence that SJEP discharged plaintiff because he had engaged in intimate physical contact with employees of St. Joseph's Health Center while on duty as an SJEP employee.

Plaintiff maintains that the physician-defendants discharged him by improper means because, by fixing the price of billing service between SJEP and BHR, they violated public policy, statutory fiduciary duties to him as a minority shareholder in SJEP, and various Missouri statutes. He also claims defendants used deception, bad faith and pretext because they did not tell him the true reason for his discharge, pursuant to Mo. Rev. Stat. § 290.140.

Plaintiff does not dispute the basis for the physician-defendants' business reason for discharging him. Therefore, he has failed to meet his burden of proving by substantial evidence that the physician-defendants interfered with his employment "for personal, as opposed to corporate, interest." Eggleston, 838 S.W.2d at 83. Even if plaintiff established improper means, which we do not address, he has failed to establish an essential element of his case. See id. (both personal interest and improper means required). Consequently, the district court's decision to enter summary judgment on this claim was correct.

V.

Finally, we hold that plaintiff has failed to adduce evidence of an unlawful act to support his civil conspiracy claim. See Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mut. Risk Retention, 918 S.W.2d 805, 815 (Mo. Ct. App. 1996) (stating elements of civil conspiracy claim). Accordingly, summary judgment on this claim was appropriate.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Wade Brorby

-9-

Circuit Judge