**Sylvia B. MARTIN, Plaintiff-Respondent,**

v.

**Allie WEST et al., Defendants,**

**and**

**Eugene Wilkins and Steve Wilkins, Defendants-Appellants.**

**No. 11170.**

Missouri Court of Appeals,
Southern District,
En Banc.

Oct. 26, 1979.

David G. Neal, Eminence, for plaintiff-respondent.

Armand P. Brodeur, Salem, for defendants-appellants.

PREWITT, Judge.

Defendants-appellants appeal from a judgment of the trial court, sitting without a jury, reforming a deed and determining that plaintiff-respondent is the sole owner of certain real estate in Shannon County and quieting title to it in her.

Respondent is a daughter of Mae L. West, and appellant Eugene Wilkins is Mae L. West's son by a different marriage. Appellant Steve Wilkins is Eugene Wilkins' son. Mae L. West died June 21, 1976. By deed dated October 4, 1973, respondent and Mrs. West were grantees "as joint tenants, with full rights of survivorship," to a tract of land 50 feet × 75 feet. The property described was the back yard of a residence occupied by Mae L. West. Respondent offered evidence by one of the grantors that the deed should have described a tract 100 feet × 75 feet. The 50 feet omitted included the front of the lot and was the part of the lot on which the residence was located. The trial court reformed the deed so as to describe the 100 foot × 75 foot tract. Two other deeds were admitted in evidence but were not reformed. There is no claim before us of lack of sufficient evidence, if

admissible, to support the *trial court's* ruling, so we need not detail the evidence.

Appellants advance two points for our review; these are: (1) that the trial court erred because its judgment was based upon parol testimony that the parties to the deeds did not intend to make the conveyance made, which evidence was improper because "the grantors were estopped by their own deeds to offer said testimony", and (2) that the trial court erred because it *did not make a specific findings of fact and* conclusions of law as "to the estoppel by deed issue".

■ We first consider appellants' initial point. Jesse Sconce was the only grantor who testified regarding the deeds. Appellants objected to his testimony that he intended to convey the full 100 foot × 75 foot lot, rather than the 50 foot × 75 foot portion. Appellants contend that evidence by the grantor cannot be used to contradict an unambiguous deed. Appellants cite, along with case authority, 31 C.J.S. Estoppel § 13, p. 298. It states that a grantor is estopped to assert testimony in derogation of his deed. Here Mr. Sconce did not testify in derogation of the deed nor did he question the title he gave. He said that he should have conveyed more than the deed provided. He confirmed respondent's theory that the deed was incorrect, due to a mutual mistake. In the cases cited by appellants, there was no claim of mutual mistake. Where relief by reformation of a deed is claimed due to mutual mistake, parol evidence is admissible to show the intentions of the parties to buy, sell, and convey different ground than that described in an unambiguous deed. *Walters v. Tucker,* 308 S.W.2d 673, 675 (Mo.1957). Also see *State ex rel. State Highway Commission v. Schwabe,* 335 S.W.2d 15 (Mo.1960) and *Leimkuehler v. Shoemaker,* 329 S.W.2d 726 (Mo.1959). The evidence as to the error in the deeds was admissible. The first point is ruled against appellants.

■ Appellants' second point is that the *trial court's findings of fact and conclusions of law* never addressed "the estoppel by deed issue". At the conclusion of the evidence, appellants' counsel informed the court "We'd request a finding of fact and conclusions of law." No more specific request was made. Rule 73.01.1(b), V.A.M.R., provides that the trial court "may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel." The rule further provides that for the purpose of appellate review of cases tried without a jury "No findings of fact, except such as shall have been requested, . . . are necessary." Rule 73.01.2(a), V.A.M.R. The trial court cannot be charged with error for not making findings which were not specifically requested. *First Florida Building, Inc. v. Safari Systems, Inc.,* 570 S.W.2d 728, 730 (Mo.App.1978). The second point is ruled against appellant.

The judgment is affirmed.

All concur.