In re The ESTATE of Mona
Beets MILES.

Sherman MILES, Respondent,

v.

Rufus BURRUS, Executor of the Estate
of Mona Beets Miles, Appellant.

No. WD 31592.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

W. Raleigh Gough, Independence, for appellant.

Gene P. Graham, Graham & Clemmons, Independence, for respondent.

Before PRITCHARD, P. J., TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Sherman Miles filed an application for support under § 474.260, RSMo 1978, from the estate of his deceased wife, Mona. The probate division allowed him the sum of $11,500 and the executor appeals.

On this appeal the executor contends the court erred in failing to make specific findings of fact, in allowing specific items of expense and in making an excessive award. Affirmed.

The record does not reveal when Sherman and Mona were married, but Sherman was her second husband. Mona left a last will and testament which did not mention Sherman. The inventory of Mona's estate revealed $20,000 in real property and just over $71,000 in personal property. Sherman testified that a reasonable allowance for his support for one year would be $18,965. Sherman testified that before his wife's death they had an annual income of between $40,000 and $50,000, lived in a house valued at $117,000 and drove a Cadillac. In his breakdown of the yearly expenses he would incur, Sherman testified to certain expenses for the payment of income taxes and the preparation of tax returns, vacation trips, taking guests to dinner and church contributions.

The record does not reveal a request made by the executor for findings of fact, but the court did state at the conclusion of the hearing that the executor had requested the court to make findings of fact and conclusions of law, but no mention is made

of any fact issue. The court entered short findings of fact, but not related to any specific fact issue. The executor now contends it was reversible error for the court to fail to make findings on the contested issues relating to the items mentioned above. The executor contends those items did not constitute proper items of expense which the court was allowed to consider.

Under Rule 73.01(b) [after January 1, 1981, Rule 73.01(a)(2)] a court shall include findings on such controverted fact issues as have been specified by counsel before final submission. Here, if the executor desired a finding on the issues relating to income tax, tax preparation, vacations and church contributions, he should have requested the court to make specific findings on those issues. Since he failed to do so, he may not now convict the trial court of error for failing to make such findings. *Martin v. West*, 589 S.W.2d 337, 338[2] (Mo. App.1979).

The executor next contends the award is erroneous because the court must have included the items of which he complains in its award. Of course, without specific findings as to those items, it is impossible to tell if the court did include them in its award. However, the total of those items is less than the difference between the $11,500 allowed by the court and the $18,965 Sherman testified he needed. Thus, it cannot be said that the court actually did include those items.

The executor finally contends that the award is excessive. Sherman testified to the items he would necessarily incur in living expenses for a year and the executor did not prove any differently. The judgment of the court is supported by substantial evidence and is affirmed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

All concur.