In re ESTATE OF Mona Beets MILES.

Sherman MILES, Appellant,

v.

Rufus BURRUS, Respondent.

No. WD 32567.

Missouri Court of Appeals,
Western District.

April 13, 1982.

Gene P. Graham, Independence, for appellant.

W. Raleigh Gough, Independence, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

Appellant Sherman Miles moved the probate division of the circuit court for revocation of letters previously granted Rufus Burrus as executor of the estate of Mona Beets Miles alleging neglect of fiduciary duties and delay in administering and distributing the estate. The probate division denied the motion and Miles appeals. Although the estate remains pending, this court has jurisdiction to consider the appeal under § 472.160.1(13), RSMo Supp.1981.

In two points presented here, Miles contends first that the evidence before the probate division conclusively showed Burrus to have failed to discharge his duties as executor and the decision not to remove him was contrary to the evidence. Secondly, Miles argues that the probate division erred in deciding that he had not succeeded to an interest in mineral rights owned by the decedent in Texas. The second point is

germane to this appeal only as it bears on Miles's complaint that Burrus had neglected handling estate affairs in Texas. Affirmed.

Controversy between Miles and Burrus over the Mona Miles estate and her assets has already produced two appellate decisions, *In re Estate of Miles,* 612 S.W.2d 64 (Mo.App.1981), and *Blue Valley Federal Savings and Loan Association v. Burrus,* 617 S.W.2d 111 (Mo.App.1981), and will engender at least two more, the subject case and another argued at the same session. The first case involved a contest between Miles and Burrus over the amount claimed by Miles as a support allowance under § 474.260, RSMo 1978. The second was a dispute over a savings account. Some perspective will be gained by a brief review of the relations among the parties.

Miles was the second husband of Mona who died in June 1978 owning considerable property and assets. The will admitted to probate was drawn by Burrus and was dated September 27, 1965. Burrus was a brother-in-law to the deceased, Burrus's wife being Mona's sister. Burrus had served as Mona's attorney in various matters including administration on the estate of Mona's first husband, William J. Groves. Burrus was named as executor in Mona's will. Miles was not mentioned in the will and he has elected to take a share of the estate as provided in § 474.160, RSMo 1978, the statute in effect as of the date of death.

The petition for removal of Burrus was brought under § 473.140, RSMo 1978 and alleged personal animosity between Miles and Burrus, improper employment of Burrus's son to sell estate realty, failure to promptly administer on Texas assets and dilatory litigation which has delayed closing the estate. The probate division made findings of fact against the petition allegations. While acknowledging the strained relationship between Miles and Burrus, the court found that no design by Burrus to delay a distribution to Miles was established. The court also held that no impropriety existed in the engagement of Burrus's son as a real estate agent, that no undue delay was established in the handling of Texas property

and that acts of Burrus leading to appellate litigation were not frivolous. Removal of Burrus was denied.

In assessing the propriety of the decision made by the probate division on fact questions, we are required to affirm that decision, as in any court-tried case, unless there is no substantial evidence to support the result, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Trenton Trust Co. v. Western Surety Company,* 599 S.W.2d 481 (Mo. banc 1980). Miles contends here that the weight of the evidence was against the result reached.

The probate division concluded, and we believe correctly, that animosity between Miles and Burrus was the cause of an almost continuous dispute but that no act by Burrus has placed any estate assets in jeopardy nor has the closing of the estate been unnecessarily delayed. Quite apparently administration on the estate would have moved more expeditiously under a cooperative environment. The issue, however, is whether the evidence demonstrated so conclusively a cause for removal of the executor under the statute that this court entertains a firm belief the judgment entered was wrong. *Trenton Trust Co. v. Western Surety Company, supra.* The evidence here was not of that weight.

Miles cites *Matter of Estate of Stickler,* 551 S.W.2d 944 (Mo.App.1977) for the proposition that antagonism between the executor and heirs and devisees requires that the executor be removed. While the animosity between Miles and Burrus cannot be disputed, the *Stickler* case does not suggest that an executor is disqualified merely on the basis of ill will or an unfriendly relationship. In *Stickler,* the executrix had converted estate assets to her own use. The court observed that it was inappropriate for the fiduciary to continue in that capacity when contesting with the heirs in a proceeding to discover those assets. The antagonism which *Stickler* considers is a conflict of interest, not a clash of personalities and opinions which separate Burrus and Miles. The mere fact that the executor and

an heir suffer from a hostile relationship is not alone a ground for removal of the executor.

The conclusions reached by the probate division are supported by substantial evidence and are not against the weight of the evidence. Those findings are therefore entitled to affirmance.

 In his second point, Miles argues that the probate division erred in holding that he had no standing to complain about Burrus's handling of estate matters in Texas because Miles had no interest in those assets. The issue arises in the following manner. Mona Miles owned mineral rights underlying land in Texas, evidently productive of royalty payments. Under the will, Burrus was directed to sell all real and personal property of the decedent and distribute to the devisees the cash so obtained in fractional shares set out in the will. Burrus was thus obligated to sell the Texas mineral rights. The parties appear to be in agreement that under Texas law, Miles acquired no interest in the mineral rights as real estate because he was not named in the will. On the other hand, once the mineral rights are sold, they become personalty and Miles's entitlement to share in the asset is determined by Missouri law and he takes by the election under § 474.160, RSMo 1978.

Burrus has argued that renunciation of the will by Miles is effective in both Missouri and Texas and Miles is therefore not entitled to the benefit of the theory of equitable conversion when Burrus exercises the power of sale in the will as to the Texas mineral rights. The question, of course, will ripen to a justiciable controversy only after the estate assets have been fully liquidated and a computation of Miles's one-half share is made. The decision by the probate division on the point at this time in connection with the petition to remove Burrus as executor is tentative and is not a judgment reviewable on this appeal under § 472.160, RSMo Supp.1981.

 The probate division found, in addition to its conclusion that Miles succeeded to no interest in the Texas mineral rights,

that Burrus had not failed to discharge his duties as to the Texas assets and that he acted reasonably and without unnecessary delay. That finding is supported by substantial evidence, which will not be recounted here, it is not against the weight of the evidence and the decision is entitled to affirmance on the authority previously cited. No opinion is expressed as to the issue of Miles's entitlement to share in the proceeds from the Texas mineral rights, if and when sold, because the question is premature and is unnecessary to disposition of this appeal.

The judgment is affirmed.

All concur.