**In the Matter of the ESTATE OF Raymond J. TOMLINSON, Sr.**

No. 57914.

Missouri Court of Appeals, Eastern District, Southern Division.

Oct. 9, 1990.

Jim S. Green, Sikeston, for appellant.

Stephen E. Strom, Cape Girardeau, for respondent.

REINHARD, Judge.

Appellant, R.J. Tomlinson, Jr. appeals from an order appointing a limited conservator for his aged father R.J. Tomlinson, Sr.[1] We affirm.

The protectee is 82 years old and in frail health. He is a widower and has two sons. In January, 1988, he underwent surgery and has since been living in an assisted living facility. Prior to his surgery he executed a durable power of attorney in favor of appellant. In August, 1989, protectee's second son Gary discovered that appellant had made numerous transfers of the protectee's property and filed a petition in December, 1989, for appointment of a limited conservator. The protectee's consent to the appointment of a limited conservator was filed with the petition. After a hearing[2] the trial court appointed a retired banker, who had acted in the capacity of conservator before, as limited conservator and ordered him to:

"1) Take charge of all ... bank accounts, certificates of deposit, real estate, cash assets, safety deposit boxes, and all financial, tax and property records.

2) Pay ... usual bills for medical care and assisted living ...

1. Protectee's guardian ad litem did not appeal.

2. Section 475.062.1, RSMo 1986, permits the appointment of a conservator under specific circumstances without a hearing.

3) Provide ... reasonable amounts of cash and access to a checking account for [protectee's] use in paying routine bills and living expenses to the extent [protectee] is willing and able ..."

 Appellant claims that the order just quoted does not create a limited conservatorship. By its breadth he asserts that it is in fact an order for a conservator instead of a limited conservator.

Our review of the requirements imposed on the court below by § 475.075(10), RSMo 1986, convinces us that the trial court created an order that would restrict the protectee only to the extent "necessary to protect his person and his financial resources," § 475.075(10), RSMo 1986. The evidence showed that the protectee is ambulatory and able to provide for his own needs so long as he remains in the assisted care facility. The protectee himself admitted his need for assistance in managing his assets. The order gives him the option of undertaking some of the basic financial obligations of his life while relieving him of the management and control of his more complex assets such as real estate and certificates of deposit.

The language of the statute vests great discretion in the trial court. In addition, the standard of review followed by this court requires us to affirm unless the decree "erroneously applies the law." *In re Estate of Miles*, 632 S.W.2d 323, 325 (Mo. App.1982). We see no evidence of error in the trial court's order. Point denied.

 Appellant's other points complain of procedural irregularities in the hearing. Specifically, appellant claims that the hearing was not completed, and that the protectee's testimony was taken out of order. He further contends that the protectee's physician did not testify but did complete interrogatories which were accepted by the court.

The transcript of the hearing indicates that, not only did appellant fail to object to any of these alleged errors, he was a willing and active participant in their creation. It was the appellant who put the protectee on the stand. In addition to his direct and redirect examination there was extensive questioning by the court, petitioner and the guardian ad litem. Both the appointment of a limited conservator and the decision to terminate the hearing were discussed and agreed to by all the parties. It is well settled that no objection of this type can be made on appeal if it was not made at trial. *Frye v. Meramec Marina, Inc.*, 673 S.W.2d 451, 453 (Mo.App.1984). *See also Schiles v. Schaefer*, 710 S.W.2d 254, 262 (Mo.App. 1986); *Matter of Conserv. Estate of Moehlenpah*, 763 S.W.2d 249 (Mo.App.1988). Thus appellant's complaints are without merit.

Judgment affirmed.

CRANDALL, C.J., and KAROHL, J., concur.