In The Estate of Ronald L. WEBSTER.

Beverly Ann MEYER, personal
representative for the Estate,
Respondent,

v.

Marilyn J. STEELE, Appellant,

Jess A. Webster and Alice E.
Webster, Respondents.

No. WD 50599.

Missouri Court of Appeals,
Western District.

March 26, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1996.

Terry L. Williams, Kansas City, for appellant.

Rodney J. Hoffman, Kenneth I. Fligg, Jr., Slagle, Bernard & Gorman, Kansas City, for respondents.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

This appeal involves a probate proceeding in which the personal representative filed a petition for a declaratory judgment that a "last will addendum" written by the decedent failed to bequeath one-half of his estate to Marilyn Steele, either as a codicil or as a list disposing of items of tangible personal property. In response, Ms. Steele filed a counterclaim and a third-party petition alleging that she and the decedent's parents had en-

tered into an oral agreement to distribute decedent's estate in accordance with the last will addendum. The trial court entered an order granting the personal representative summary judgment on her petition for declaratory judgment, and an order dismissing Ms. Steele's counterclaim and third-party petition. Ms. Steele now appeals from these orders, as well as from a protective order preventing her from taking certain depositions.

The judgment of the trial court is affirmed.

Ronald L. Webster executed a will on December 16, 1988, which left the residue of his estate to his parents, Jess A. and Alice E. Webster. On December 16, 1992, Ronald Webster prepared a handwritten document which provided:

> To whom it may concern,
>
> Last will addendum.
>
> In the event of my death I wish ½ of my estate to go to Marilyn Steele & the remainder to my parents Jess & Alice Webster.
>
> My Gibson guitar to Trainor Evans & my TR3 to Joe & Clayton Evans.
>
> I wish for nothing to go to Laura Wiese–Stevens.

The handwritten document was signed and dated by Ronald Webster and signed by one "witness."

Ronald Webster died on June 26, 1993. Counsel for John T. Evans, the named personal representative, filed the will and the addendum in the Probate Division of the Circuit Court of Jackson County, Missouri. An Application for Letters Testamentary was also filed by Mr. Evans listing Ms. Steele under a section which requested the "names, relationship to decedent, heirs and devisees and the lineal descendants of devisees who were relatives of decedent and who predeceased decedent...." The December 16, 1988 will was admitted to probate on July 22, 1993, and Letters Testamentary were issued appointing John T. Evans as personal representative and granting him authority to administer the estate independently.[1]

In the course of administration, the personal representative distributed decedent's tangible personal property one-half to Mr. and Mrs. Webster and one-half to Ms. Steele, allegedly pursuant to the oral agreement to give effect to the "last will addendum." Thereafter, Mr. Evans resigned as personal representative on April 8, 1994, and decedent's sister, Beverly Ann Meyer, was appointed successor personal representative.

On May 24, 1994, Ms. Meyer filed a petition for declaratory judgment, seeking an order declaring that the December 16, 1992 document entitled "last will addendum" was invalid as a codicil to the December 16, 1988 will, and invalid as a written list of decedent disposing of items of tangible personal property to Ms. Steele.[2] The trial court then entered an order designating the matter as an adversary probate proceeding and directing that Rule 55 and Chapter 509, RSMo, apply in their entirety.

Ms. Steele responded to the petition for declaratory judgment by filing an answer, counterclaim and third-party petition. In each of these pleadings, Ms. Steele alleged that between the death of decedent and the commencement of probate proceedings, she

---

1. Marilyn Steele and the decedent's parents and sister filed consents to the independent administration of the estate.

2. It is possible for a testator to devise tangible personal property by reference in the testator's will to a written statement or list which disposes of "items of tangible personal property not otherwise specifically disposed of by the will, other than money, evidence of indebtedness, documents of title, securities and property used in trade or business." Section 473.333, RSMo 1994. *See also* K.S.A. 59–623. Mr. Webster's will contained a provision referring to such a list. Therefore, the "last will addendum" could be effective as a list to transfer tangible personal property if it complies with the statutory requirements. Since Mr. Webster was domiciled in Kansas at the time of the execution of his will and his will was executed in Kansas, the writing would be valid if it complies with either Kansas or Missouri law. Section 474.360, RSMo 1994. The Kansas and Missouri statutes are nearly identical. Section 474.333, RSMo 1994, requires that "the writing must either be in the handwriting of the testator or be signed by the testator, and must describe the items with reasonable certainty." The Kansas statute has an additional requirement that the devisees be described with reasonable certainty. K.S.A. 59–623.

and decedent's parents entered into an oral agreement that decedent's estate should be distributed in accordance with his last will addendum.

The counterclaim requested a declaratory judgment ordering the removal of Ms. Meyer as personal representative and appointing an independent third-party to serve in that capacity. The single ground stated for the removal of Ms. Meyer was that Ms. Meyer filed her petition for declaratory judgment solely because of her hostile feelings toward Ms. Steele's relationship with decedent, and that Ms. Meyer filed the petition to thwart Ms. Steele's right to one-half of decedent's estate pursuant to the purported agreement with the Websters.

Ms. Steele's counterclaim also sought the alternative relief of a declaration ordering Ms. Meyer to distribute decedent's estate in accordance with the purported oral agreement between Ms. Steele and decedent's parents. Ms. Steele's third-party petition for a declaratory judgment sought an order declaring the purported oral agreement to be valid and binding upon decedent's parents.

Subsequently, Ms. Meyer filed a motion for a summary judgment on her petition for declaratory judgment, and a motion to dismiss Ms. Steele's counterclaim and third-party petition. While these motions were pending, Ms. Meyer sought a protective order preventing Ms. Steele from taking the depositions of Mr. Evans or his attorney until after the trial court had ruled upon the pending motions.

On December 15, 1994, the trial court entered three orders which are the subject of this appeal. First, the trial court dismissed Ms. Steele's counterclaim against Ms. Meyer and Ms. Steele's third-party petition against decedent's parents. In so doing, the trial court concluded that the Websters' purported agreement to divide the residuary estate with Ms. Steele "has no relevance to the probate administration. Such an agreement is a matter of contract between the contracting parties."

In addition, the trial court granted Ms. Meyer summary judgment on her petition for declaratory judgment, finding that the December 16, 1992 document was not a codicil to decedent's will, and that, although the instrument was effective to bequeath the specific items of a guitar and a TR3, it was ineffective to bequeath one-half of decedent's estate to Ms. Steele. The trial court also sustained Ms. Meyer's motion for a protective order.

In her first point on appeal, Ms. Steele claims that the trial court erred by dismissing her counterclaim and third-party petition. The trial court dismissed both pleadings because they were based upon a purported agreement which the trial court concluded had no relevance to the probate administration. Ms. Steele contends that the agreement is, in reality, a "family settlement agreement" which is relevant to probate administration, because it would alter the scheme of distribution from the probate estate.

■■■ The first question raised by Ms. Steele's point is whether the agreement in this case constitutes a "family settlement agreement." A family settlement agreement is an agreement between parties with an interest in a decedent's property to distribute the property in a manner different from that prescribed by law or by a testamentary instrument. *See St. Louis Union Trust Company v. Conant*, 499 S.W.2d 761, 765 (Mo. 1973); M.L. Cross, Annotation, *Family Settlement of Testator's Estate*, 29 ALR3d § 2 at pp. 18–22 (1970). Typically, a family settlement agreement settles a controversy among heirs, or between heirs and beneficiaries, i.e., between people named in a will and people who, but for the will, would take property under the laws of intestate succession. A family settlement agreement can also be used to settle another type of probate controversy, and that is between the beneficiaries of a valid will and the beneficiaries of a void will. *See Family Settlement of Testator's Estate*, 29 ALR3d § 10 at p. 45. In either case, the settlement agreement could involve non-family beneficiaries of a will, so the use of the word "family" should not be construed so as to exclude any settlement agreement involving non-family parties, as a family settlement agreement does not necessarily involve family members only.

Accordingly, for the purpose of analysis, this court will consider the oral agreement in the case at bar to be a family settlement agreement. More specifically, it is a family settlement agreement to abide by the terms of a void will. *Id.* This court's analysis, therefore, must focus upon the proper procedural mechanism for giving effect to such an agreement, and whether that mechanism was properly invoked by the counterclaim and third-party petition filed by Ms. Steele.

 The applicable mechanism depends on the terms of the family settlement agreement. The parties to a family settlement agreement may provide for the heirs or beneficiaries under a will, immediately upon distribution from the probate estate, to redistribute the property as the parties have agreed. *See St. Louis Union Trust Company,* 499 S.W.2d at 765. Alternatively, the heirs or beneficiaries under a will can agree to a distribution from the probate estate, in a manner different from that prescribed by intestate succession or a will. *Id.*

The family settlement agreement which Ms. Steele pled in her counterclaim and third-party petition is the second type, in that it provided that decedent's estate should be distributed in accordance with his last will addendum. With regard to this type of agreement, the Missouri Supreme Court has noted in *Mamoulian v. St. Louis University,* 732 S.W.2d 512, 515 (Mo. banc 1987), that the common-law mechanism of the family settlement agreement has been superceded by §§ 473.084 and 473.085, RSMo 1994,[3] for the purpose of distributing an estate in a manner different from that in a decedent's will. Although *Mamoulian* concerned the distribution of an estate pursuant to a settlement in a will contest action, the superceding statutory mechanism of §§ 473.084 and 473.085 would, as explained below, apply to other controversies as well.

Section 473.084 provides that an agreement settling *any* controversy as to (1) the admission to probate of any instrument, (2) the construction, validity, or effect of any probated will, (3) the rights or interest in decedent's estate of any successor, or (4) the administration of the estate, if approved in a proceeding in the court for that purpose, will be binding on all parties. The court may approve the agreement only if it finds: 1) the agreement is in writing; 2) executed by all persons or their representatives having beneficial interests or having claims which will or may be affected by the compromise; 3) the controversy is in good faith; and 4) the effect of the agreement upon the interests of persons represented by fiduciaries or other representatives is just and reasonable. Section 473.085. If the agreement is approved by the court, it shall be executed by the personal representative and all further disposition of the estate is in accordance with the terms of the written agreement. Section 473.085(3).

Here, the agreement which Ms. Steele alleged in her counterclaim and third-party petition was an oral, not a written agreement. Therefore, her pleadings failed to invoke the specific statutory procedure for obtaining a distribution of an estate in a manner different from that in a decedent's will.

In her reply brief, Ms. Steele argues that §§ 473.084 and 473.085 apply only to the settlement of will contest actions and therefore do not apply to the case at bar. Ms. Steele's assertion is rebutted by the very language of § 473.084, which applies the settlement provisions of §§ 473.084 and 473.085 not only to will contest actions, but also to other controversies including will construction, determination of succession, and any controversy concerning the administration of a decedent's estate. *See* J. Borron, Jr., *Independent Administration and Other Probate Matters Under the New Code,* 37 Journal of the Missouri Bar 13, 28 (1981); *Columbia Union Nat. Bank & Trust v. Bundschu,* 641 S.W.2d 864, 874 (Mo.App.1982) (Sections 473.084 and 473.085 were applied to a controversy as to the construction of the trust component of a will).

 In its order dismissing Ms. Steele's counterclaim and third-party petition, the trial court based its decision on a determination that the purported oral agreement be-

---

**3.** References to statutes are to the Revised Statutes of Missouri 1994.

tween Ms. Steele and the Websters had "no relevance to the probate administration." This is not a correct statement, because the purported agreement, was presented as a settlement of the controversy raised in the personal representative's declaratory judgment action to determine validity of or to construe an alleged testamentary instrument, which action was pending in the probate division. If approved, the agreement would have governed the ensuing distribution of decedent's estate by the personal representative. Therefore, the agreement was a "matter pertaining to probate business" for the purposes of § 472.020, which defines the jurisdiction of the probate division.

■ The trial court's dismissal will be upheld, however, if sustainable on any grounds. *Godsy v. Godsy*, 531 S.W.2d 547 (Mo.App. 1975). Ms. Steele's oral agreement with the Websters, as pleaded, did not conform to the statutory settlement agreement procedure which has superceded the common-law device of the family settlement agreement. Therefore, she has failed to state a claim for relief under the only mechanism by which the trial court could have enforced an agreement to distribute the estate in a manner different from that in decedent's will. The trial court's dismissal of such a claim was appropriate.

■ Moreover, Ms. Steele failed to state a claim for relief under the only mechanism by which *any* division of the circuit court could have enforced an agreement to distribute the estate in a manner different from that in decedent's will. The statutory procedure set out in §§ 473.084 and 473.085 governs the settlement of any controversy regarding the administration of, or the rights or interests in, a decedent's estate, regardless of whether the controversy is pursued in the probate or other division of the circuit court. Consequently, Ms. Steele cannot complain that dismissal of her counterclaim—which she argues is compulsory under Rule 55.32—would bar her from seeking relief in another court, because her pleaded cause of action would not, as a matter of law, be viable anywhere.

Because Ms. Steele failed to state a viable claim for relief based upon an agreement to distribute the estate in a manner different

from the will, the trial court did not err in dismissing Ms. Steele's third-party petition, or in dismissing her counterclaim insofar as it sought a declaration directing the personal representative to distribute decedent's estate in accordance with the purported agreement.

■ Such a determination does not end this court's inquiry into the propriety of the trial court's dismissal of the counterclaim, however, because the counterclaim also sought an order removing Ms. Meyer as personal representative. To the extent that the counterclaim sought the removal of Ms. Meyer because Ms. Meyer was acting out of ill feelings towards her, Ms. Steele failed to state a cause of action because a hostile relationship is not, by itself, a ground for the removal of the personal representative. *In re Estate of Miles*, 632 S.W.2d 323, 325–326 (Mo.App.1982). To the extent that the counterclaim sought the removal of Ms. Meyer because Ms. Meyer failed to distribute decedent's estate according to the terms of the purported oral agreement, it is predicated upon an agreement which, as explained in the first point on appeal, cannot be the basis of a viable claim for relief. Point denied.

■ In her second point on appeal, Ms. Steele claims that the trial court erred by granting Ms. Meyer's motion for a summary judgment declaring that decedent's "last will addendum" was invalid as a codicil and that it failed as a list to bequeath one-half of decedent's tangible personal property to Ms. Steele. Ms. Steele contends that, as an affirmative defense, she had alleged that the "last will addendum" also served as the basis of a binding oral agreement between herself and the Websters, and that Ms. Meyer had failed to establish that this affirmative defense failed as a matter of law.

■ It is true, as Ms. Steele asserts, that a party moving for summary judgment in the presence of an affirmative defense must establish that the affirmative defense fails as a matter of law. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 381 (Mo. banc 1993). That rule is inapplicable here, however, because the allegation which Ms. Steele characterizes as an affirma-

tive defense actually constitutes a counterclaim. A counterclaim is a cause of action in which a party seeks a judgment on his or her own behalf, while an affirmative defense seeks merely to defeat or avoid the other party's cause of action. *McDowell v. Schuette*, 610 S.W.2d 29, 36 (Mo.App.1980). Whether the allegations in a pleading constitute an affirmative defense or a counterclaim often depends on the intent of the pleader, *id.*, and it is clear from an examination of Ms. Steele's counterclaim and third-party petition that she intended the allegations at issue in this point on appeal to constitute a cause of action leading to a judgment on her behalf.

Furthermore, the allegation which Ms. Steele characterizes as an affirmative defense is that decedent's last will addendum served as the basis of an enforceable oral agreement to distribute the estate in a manner different from that in the will. Therefore, even if this allegation did, in fact, constitute an affirmative defense, such an affirmative defense would fail as a matter of law for the reasons given in the first point on appeal. Point denied.

In her third point on appeal, Ms. Steele claims that the trial court erred by granting Ms. Meyer's motion for a protective order barring Ms. Steele from taking the depositions of Mr. Evans or his attorney until after the trial court had ruled upon the pending motions. Ms. Steele contends that there was no showing of good cause for such an order, and that the trial court ruled on the motion without allowing her an opportunity to file suggestions in opposition to the motion.

Because this court is affirming the orders granting summary judgment to Ms. Meyer and dismissing Ms. Steele's causes of action against both Ms. Meyer and the Websters, Ms. Steele will no longer be a party to the proceeding and will not have a right to take depositions under Rule 57.03(a). Therefore, a ruling on the validity of the trial court's order barring Miss Steele from taking the depositions of Mr. Evans and his attorney will have no practical effect on any then existing controversy, so the issue is moot. *In Interest of N.D.*, 857 S.W.2d 835, 843 (Mo.App.1993).

Ms. Steele could have requested leave of the trial court to take depositions pending appeal pursuant to the procedure of Rule 57.02(b), but she did not. Point denied.

The judgment of the trial court is affirmed.

All concur.