**Jack D. HACKATHORN and Bertha J. Hackathorn, Plaintiffs–Appellants,**

v.

**FOUR SEASONS LAKESITES, INC., Defendant–Respondent.**

**No. 21420.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 10, 1998.

Dennis J.C. Owens, Kansas City, for Plaintiffs–Appellants.

John E. Curran, Julie J. McNitt, Curran & Clifford, Osage Beach, for Defendant–Respondent.

BARNEY, Judge.

Plaintiffs Jack D. Hackathorn and Bertha J. Hackathorn, husband and wife, (Plaintiffs Hackathorn) appeal from a judgment in favor of Defendant Four Seasons Lakesites, Inc. (Defendant Lakesites), after a jury verdict involving only Plaintiffs Hackathorns' count 3 of a 48 count petition.[1]

In their count 3, Plaintiffs Hackathorn originally sought actual and punitive damages arising from allegations of intentional misrepresentation against Defendant Lakesites and Four Seasons Lakesites Property Owners Association, Inc. (POA).[2]

Plaintiffs Hackathorn raise three points of trial court error. We do not review these points because Defendant Lakesites' motion to dismiss Plaintiffs Hackathorns' appeal for lack of jurisdiction is well taken.

---

1. Plaintiffs Hackathorn had joined with 14 other party plaintiffs in bringing suit against Defendant Lakesites and Four Seasons Lakesites Property Owners Association, Inc.

All the litigants' claims, including those of Plaintiffs Hackathorn, appear to be an outgrowth of similar facts relating to their thwarted attempts to construct boat docks on their respective lots and/or on certain "common" land located in a development owned by Defendant Lakesites. The development is located adjacent to the Lake of the Ozarks in Camden County, Missouri. All plaintiffs, including the Hackathorns, had originally purchased their respective lots from Defendant Lakesites. However, Plaintiffs Hackathorn and the other party plaintiffs complain that the Four Seasons Lakesites Property Owners Association, Inc., an entity whom they contend is controlled by Defendant Lakesites, illegally prevented them from placing boat docks adjacent to their respective lots or on certain "common" areas near these lots.

2. Although not reflected by any docket entry, during pretrial proceedings relating to count 3, Plaintiffs Hackathorn dropped their claim for intentional misrepresentation against POA. While we acknowledge that the appeal by Plaintiffs Hackathorn is directed only against Defendant Lakesites, nevertheless, the record clearly shows that prior to the trial of count 3, *both* POA and Defendant Lakesites filed a joint counterclaim seeking attorney fees against all party plaintiffs, including Plaintiffs Hackathorn. *See, infra.* Our review of the merits of the parties' contentions necessarily requires us to consider and discuss the joint counterclaim filed by Defendant Lakesites and POA.

## I.

In the 48 counts of their third amended petition, Plaintiffs Hackathorn and other party plaintiffs respectively sought equitable relief; actual and punitive damages arising from negligent and intentional misrepresentation; and damages for injurious falsehood, tortious interference of contract and conversion against both Defendant Lakesites and POA. Prior to trial on count 3, held September 23–27, 1996, the trial court entered orders for separate trials on other party plaintiffs' counts involving allegations of intentional misrepresentation against Defendant Lakesites and POA. Plaintiffs Hackathorns' conversion claim against both defendants (count 5) was also separated for trial purposes. *See* Rule 66.02.[3]

Except as hereafter discussed below, the remaining counts of the petition appear to have been either voluntarily dismissed by all party plaintiffs or were struck by the trial court.

Additionally, prior to the trial of count 3, the trial court held a separate hearing on Plaintiffs Hackathorns' and other party plaintiffs' counts seeking equitable relief against both Defendant Lakesites and POA.

In its findings of fact and conclusions of law the trial court, *inter alia*, found that Defendant Lakesites had not unduly interfered in POA's decision making process, regarding authorizing the placement of boat docks. The trial court also concluded that POA had the legal authority to institute restrictions against boat dock placements by all plaintiffs, including Plaintiffs Hackathorn, and found that POA had followed legally valid procedures when enacting such restrictions.

After the trial court's ruling on all party plaintiffs' claims for equitable relief, prior to the trial on count 3, Defendant Lakesites and POA sought and were granted leave to file their counterclaim for attorney fees and costs against Plaintiffs Hackathorn and other party plaintiffs. No hearing was held on the counterclaim nor has the court made any ruling relating to the counterclaim.[4]

## II.

■ In its motion to dismiss for lack of jurisdiction, Defendant Lakesites contends that this Court lacks jurisdiction to review Plaintiffs Hackathorns' appeal because the trial court has not entered its judgment relating to the pending counterclaim filed by both Defendant Lakesites and POA. Defendant Lakesites further contends that the remaining, respective, intentional misrepresentation claims of other party plaintiffs against Defendant Lakesites and POA are also pending, as is Plaintiffs Hackathorns' conversion claim, and that the trial court did not expressly designate its judgment entered upon the jury verdict as final under Rule 74.01(b).[5]

Plaintiffs Hackathorn assert, without citation to authorities, that Defendant Lakesites and POA's counterclaim for attorney fees is not a true counterclaim, but merely a motion and that the counterclaim was "groundless." They further assert that the trial court's

---

3. All rules references are to Missouri Rules of Court (1996).

4. Defendant Lakesites and POA contend that they are both entitled to attorney fees and costs expended in defending the claims for equitable relief sought by Plaintiffs Hackathorn and other party plaintiffs. As support for their counterclaim, they cite the remedies provision of Article XI of the "Declaration of Restrictive Covenants" which provides that in preventing the "occurrence, continuation or violation of any provision of this Declaration ... the court in such action may award the successful party reasonable expenses in prosecuting such action, including attorneys' fees."

5. Rule 74.01(b) provides that:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 74.01(b) Missouri Rules of Court (1996).

findings of fact and conclusions of law solely involved POA, and POA is not a party to the instant appeal.

Plaintiffs Hackathorn also contend that Rule 74.01(b) has no application to the instant matter because "[a]fter severance, there were no more multiple parties" and the verdict disposed of all of Plaintiffs Hackathorns' claims. We need not determine this latter contention because of our holding, *infra*, relating to the outstanding counterclaim. Further, contrary to Plaintiffs Hackathorns' contentions, our examination of the equitable claims against Defendant Lakesites and POA, together with our review of the findings of facts and conclusions of law entered by the trial court, convince us that the trial court's findings of facts and conclusions of law not only involved POA, but also had application to Defendant Lakesites, as well.

■ As for Plaintiffs Hackathorns' remaining claims, we observe that "[a] fundamental prohibition exists against piecemeal appeals." *Magna Bank v. W.P. Foods, Inc.*, 926 S.W.2d 157, 160 (Mo.App.1996). "In a civil case in Missouri, '[f]or a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination.'" *Abrams v. Four Seasons Lakesites*, 904 S.W.2d 37, 39 (Mo.App.1995). "An exception to this general rule exists, i.e., Rule 74.01(b) permits an appeal from a judgment that disposes of less than all parties and issues *if* the trial court makes 'an express determination that there is no just reason for delay.' Rule 74.01(b)." *Id.*

■ Further, as a general rule, a "motion is an application made to a court or judge for the purpose of obtaining a rule or order directing some act to be done in favor of the applicant." *See State v. James*, 347 S.W.2d 211, 216 (Mo.1961). A counterclaim, on the other hand, has been defined as "a

cause of action in which a party seeks a judgment on his or her own behalf." *Estate of Webster*, 920 S.W.2d 600, 606 (Mo.App. 1996). "It is a counterdemand existing in favor of a defendant against the plaintiff." *McDowell v. Schuette*, 610 S.W.2d 29, 36 (Mo.App.1980).

Our review of the record persuades us that Defendant Lakesites (and POA) made a prima facie showing of a valid counterclaim seeking a judgment for reasonable expenses and attorney fees against all party plaintiffs, including Plaintiffs Hackathorn, and that such counterclaim comported with the pleading requirements of Rule 55.32. *See* footnote four, *supra*. The record shows that Defendant Lakesites (and POA's) cause of action arose out of claims originally made by Plaintiffs Hackathorn and other party plaintiffs seeking equitable relief against both POA and Defendant Lakesites.[6] We cannot hold as a matter of law that Defendant Lakesites' counterclaim is "groundless," as Plaintiffs Hackathorn contend.[7]

■ We are aware that where a judgment implicitly resolves issues raised by a defendant's counterclaim, the judgment may constitute a final judgment, even though it makes no explicit reference to the counterclaim. *State ex rel. Nixon v. Hoester*, 930 S.W.2d 52, 53 (Mo.App.1996); *see also Martin v. Lorren*, 890 S.W.2d 352, 359 (Mo.App. 1994). However, our examination of the record persuades us that the trial court's purported judgment, as to count 3, did not implicitly resolve the issues arising out of Defendant Lakesites (and POA's) counterclaim. We conclude that the counterclaim is factually intertwined with the claims of other party plaintiffs, including Plaintiffs Hackathorns' claims for intentional misrepresentation (count 3). *See* footnote 1, *supra*, and *Jackson v. Christian Salveson Holdings*, 914 S.W.2d 878, 883 (Mo.App.1996).

---

6. It should be noted that in their "general allegations" in support of their respective claims for relief against Defendant Lakesites, Plaintiffs Hackathorn, like Defendant Lakesites and POA, maintain that under the "Declaration of Restrictive Covenants of the Development" Plaintiffs Hackathorn were entitled to an award of "reasonable expenses in prosecuting such action, including attorneys' fees."

7. We decline the invitation to rule on the merits of the counterclaim, deferring instead, to the trial court for its interpretation of the pertinent provisions of the "Declaration of Restrictive Covenants" and its determination whether or not there is a factual basis to support the counterclaim.

Therefore, not all claims between the parties have been determined and there is no appealable judgment. *See Allen v. G & J Enterprises,* 856 S.W.2d 347, 348 (Mo.App. 1993). Neither has the trial court invoked the exception provided for in Rule 74.01(b), *supra. Id.* The appeal is dismissed.

MONTGOMERY, C.J., and SHRUM, J., concur.