**Forrest D. NYE, Plaintiff–Appellant,**

**Harry L. Chadwell, Plaintiff,**

**d/b/a Forrest View IX Associates, L.P.,**

v.

**GERALD HARRIS CONSTRUCTION, INC. and Mary Ann Brinkley, Defendants–Respondents.**

No. 22987.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 25, 2000.

■

---

Ronald D. White, Richard W. Wood, Williams, Robinson, White & Rigler, P.C., Rolla, for Appellant.

Mark E. Maddux, Springfield, for Respondent.

PHILLIP R. GARRISON, Judge.

Forrest D. Nye ("Nye") appeals a judgment entered against him on a counterclaim in the amount of $39,725. On our *sua sponte* review, we have determined that we do not have jurisdiction and dismiss the appeal.

Nye and Harry L. Chadwell ("Chadwell"), apparently operating under the name Forrest View IX Associates, L.P., entered into a contract with Gerald Harris Construction, Inc. ("Harris Construction") to build an apartment complex, known as Forrest View IX, in Potosi, Missouri. Later Nye or Nye Development Company[1] entered into an agreement with Harris Construction to build an apartment complex, known as Forrest View III, in Sulli-

---

1. We gather from the record that the contract was signed by Nye for, or as, Nye Development Company although none of the exhibits has been filed with this court. The nature of

van, Missouri. Nye also engaged the services of Harris Construction to build a hard-surfaced road ("Ira Bland Drive") to serve the Forrest View III project.[2] Harris Construction subsequently constructed Ira Bland Drive.

Nye and Chadwell, "d/b/a Forrest View IX Associates, L.P.," filed suit against Harris Construction and Mary Ann Brinkley ("Brinkley"), Gerald Harris's daughter, in connection with the Forrest View IX project at Potosi. The petition was in two counts. Count one was against Harris Construction for the cost of appliances installed in the Forrest View IX project, which were supposed to have been, but were not, paid for by Harris Construction out of money paid to it by plaintiffs with the result that Nye and Chadwell had to pay for them again in order to obtain the release of a mechanic's lien. Count two was against Harris Construction and Brinkley on the theory that Brinkley had made fraudulent misrepresentations that Harris Construction had paid for all materials and labor associated with the Forrest View IX project.

"Defendants" then filed a counterclaim against "Plaintiffs" for money claimed to be owing for the construction of Ira Bland Drive at the Forrest View III project in Sullivan. In that counterclaim, it was alleged that "Defendants" had constructed the road at the request of "Plaintiffs" for which "Plaintiffs" either agreed to pay $60,000 or, alternatively, the reasonable value of the road was that amount. It was also alleged that although demand had been made for the payment of $60,000, which was a reasonable amount, "Plaintiff" had failed or refused to pay "Defendants" as agreed, or had kept and been benefited by the road.

Summary judgment was entered in favor of Nye and Chadwell on their claim under count one of the petition. The record indicates that at some undisclosed point, judgment was entered for Brinkley and against "Plaintiff" on count two of the petition.

The counterclaim was subsequently tried to a jury. It was submitted under a verdict directing instruction that provided that the verdict must be for Harris Construction if the jury believed that it furnished construction services to "Plaintiff," and "Plaintiff" accepted such services. The damage instruction informed the jury that if they found in favor of "defendant," then they must award it the reasonable value of the construction services furnished, and interest between two specified dates. The form of verdict provided only for a finding for Harris Construction or Nye. The jury found for Harris Construction and returned a verdict in its favor in the amount of $53,900. The trial court, after ordering a remittitur, entered a judgment in favor of Harris Construction against Nye, Nye Development, and Forrest View IX Associates, L.P. in the amount of $39,725.[3] Nye appeals.

■ Before reviewing the points raised by Nye, it is necessary that we determine whether we have jurisdiction to decide this

Nye Development Company is unclear from the record, except that the evidence indicated that it was not a corporation. Nye testified at one point that he and his wife owned Nye Development Company, and at other times he indicated that he was the owner.

2. There was an issue about whether there was a specific agreement concerning the construction of the road. Nye contended that there was a written agreement signed by him for Nye Development Company, and that a vice president of Harris Construction had signed it

for that entity. Harris Construction contended that that agreement was not signed by its authorized representative.

3. The petition contained no allegations concerning the status of Forrest View IX Associates, L.P. or Nye Development Company, and, if either or both of them were legal entities, they were apparently not parties to the suit as explained infra. No issues concerning them were submitted to the jury.

appeal. To do so it is necessary that we determine whether there is a final appealable judgment.

■ Rule 74.01(b)[4] provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

For a judgment in a civil case to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination. *Hackathorn v. Four Seasons Lakesites, Inc.*, 959 S.W.2d 954, 957 (Mo.App. S.D.1998). Rule 74.01(b) provides an exception to this general rule by permitting an appeal from a judgment that disposes of less than all parties and issues *if* the trial court makes an express determination that there is no just reason for delay. *Id.*

■ A party to an action is a person whose name is designated on the record as plaintiff or defendant. *Garrett v. Finnell*, 999 S.W.2d 304, 305 (Mo.App. W.D.1999). The capacity in which one sues or is sued, must be determined from the allegations of the pleadings, and not from its title alone. *In re Estate of Miller*, 9 S.W.3d 760, 765 (Mo.App. S.D.2000). *See also McBee v. Vandecnocke Revocable Trust*, 986 S.W.2d 170, 172 (Mo. banc 1999).

■ As indicated, the named plaintiffs in the petition, against whom the counterclaim was filed, were Nye and Chadwell, "d/b/a Forrest View IX Associates, L.P." The allegations of the petition were that Nye and Chadwell "at all times referred to in this Petition were, individuals," and that they entered into a contract with Harris Construction.[5] We also note that the counterclaim alleged that it was by "Defendants," thereby indicating that it was by both Harris Construction and Brinkley. This was further indicated by plaintiffs' answer and other pleadings directed to the counterclaim which recited that it was with reference to the "counter-claim of Defendants, Gerald Harris Construction, Inc. and Mary Ann Brinkley." Other pleadings referred to the counterclaim as "Defendants' Counterclaim."

From the record before us, it appears that the jury was not asked to decide any claims involving Chadwell, who was one of the named plaintiffs in the petition, and thus a party to the counterclaim which alleged liability of "Plaintiffs." The same is true with reference to Brinkley, who was a named defendant in the suit filed by plaintiffs and apparently was included as a claimant in the counterclaim.

---

**4.** All references to rules are to Missouri Rules of Civil Procedure (2000) unless otherwise indicated.

**5.** The caption of the petition listed the plaintiffs as Forrest D. Nye and Harry L. Chadwell, d/b/a Forrest View IX Associates, L.P., thus indicating the name under which Nye and Chadwell were allegedly doing business. The body of the petition contained no allegations about Forrest View IX Associates, L.P. includ-

ing its legal status. A party to an action must be a legal entity, that is either a natural person, an artificial person or a quasi artificial person. *Gill v. Farm Bureau Life Ins. Co.*, 856 S.W.2d 96, 99–100 (Mo.App. S.D.1993). The failure of the pleadings to show that a named party is a legal entity that can sue or be sued results in it not being recognized as a party. *Id.* at 100.

We note that in a jury case the verdict is the sole basis of the judgment to be entered, and if it is not sufficient to sustain the judgment, the latter is void. *MFA Cooperative Ass'n of Ash Grove v. Elliott,* 479 S.W.2d 129, 133 (Mo.App.1972). In this case, no issue was presented to the jury concerning Chadwell or Brinkley, and likewise the judgment entered by the trial court made no mention or disposition of the claims made by or against them in the counterclaim. The trial court also made no express determination that there was no just reason for delay. Accordingly, the judgment from which this appeal flows did not dispose of all parties, and is not, therefore, a final judgment for purposes of appeal. *See Finnell,* 999 S.W.2d at 305–306. We, therefore, lack jurisdiction and must dismiss the appeal.

PREWITT and CROW, JJ., concur.